**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
Gustavo Ponce, Esq. (SBN: 343430)
gustavo@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Carmen Chavez

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARMEN CHAVEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL LENT D.B.A. CAPITAL RECLAMATIONS,<br><br>Defendant. | Case No.:<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF:<br><br>1. THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ. ("FDCPA"); AND<br>2. THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.<br><br>JURY TRIAL DEMANDED |

///
///
///
///
///
///
///

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Plaintiff CARMEN CHAVEZ ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Defendant DANIEL LENT D.B.A. CAPITAL RECLAMATIONS ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that specifically pertain to a plaintiff, in which that plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of those statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in here took place in California.

7. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

8. All violations alleged regarding the statutes herein are material violations of said statutes as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

9. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendant named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"); the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), Cal. Civ. Code §§ 1788, *et seq.*

12. Because Defendant operates or does business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 as Plaintiff is a resident and citizen of the County of Riverside, State of California, and all harm was caused to Plaintiff within the County of Riverside, in the State of California

14. At all times relevant, Defendant operated or conducted business within the State of California.

# PARTIES

15. Plaintiff is also a natural person, who resides within this district in the County of Riverside in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing; purportedly obligated to pay a debt and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is also a natural person and is purportedly a debtor as that term is defined by California Civil Code § 1788.2(h).

16. Defendant is a self-described debt collector, a debt collection agency, and person, who uses an instrumentality of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Defendant is a self-described debt collector, a debt collection agency, and a "person," within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act, who uses an instrumentality of interstate commerce in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6). Defendant was allegedly owed a monetary debt by Plaintiff, making Defendant a "creditor" within the meaning of California Civil Code § 1788.2(i) of the Rosenthal Act. In the ordinary course of business, Defendant regularly, on behalf of itself or others, directly or indirectly, collects or attempts to collect debts from borrowers; and therefore, engages in "debt collection" as that term is defined by California Civil Code § 1788.2(b) and is a "debt collector" as that term is defined by Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

18. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a purported "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. Defendant claimed that Plaintiff owed Defendant money allegedly for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) of the Rosenthal Act.

20. At all times relevant, Defendant was attempting to collect on a debt that originated from a between a natural person and another person in which property, services, or money is acquired on credit by that natural person from the other person primarily for personal, family, or household purposes., and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

22. At all times relevant, Plaintiff was a person residing in the State of California.

23. At all times relevant, Defendant conducted business in the State of California.

24. On or about November 10, 2016, Plaintiff's car had been broken into causing property damage and loss of personal property.

25. Plaintiff's stolen personal property included a Jansport backpack which held a Bellami curling iron, a makeup bag, and a purse. Inside the purse included Plaintiff's wallet containing her California identification card, Social Security card, and a debit card.

26. Plaintiff immediately reported the incident to the Long Beach Police Department and obtained a copy of the police report.

27. On or about January 8, 2017, Plaintiff purportedly incurred a financial obligation to an original creditor.

28. Plaintiff does not concede that a debt is actually owed to Defendant or its predecessor(s) in interest, if any.

29. Plaintiff does not owe Defendant or its predecessor(s) in interest, any debt.

30. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a "person" under Cal. Civ. Code 1788.2(g).

31. Per Defendants Collection Action, Plaintiff purportedly fell behind in the payments claimed to be owed on an alleged debt.

32. Plaintiff contends that she did, and does not, owe Defendant any amount.

33. Sometime prior to April 2022, an original creditor, either directly or through intermediate transactions, assigned, placed or transferred an alleged debt to Defendant for purposes of collection.

34. These alleged financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

35. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and Cal. Fin. Code § 100002(f).

36. On or about April 7, 2022, in an attempt to collect on the alleged debt, Defendant filed a collection action in state court against Plaintiff entitled *Daniel Lent D.B.A. Capital Reclamations v. Carmen Petrovic-Chavez,* Case No, 22CHLC07732, in the Superior Court of California, County of Los Angeles (hereinafter "Collection Action")

37. Defendant's Collection Action constituted "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b) and Cal. Fin. Code § 100002(i).

38. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), Cal. Civil Code § 1788.2(c), and Cal. Fin. Code § 100002(j).

39. By filing the Collection Action against Plaintiff in Los Angeles County rather than the county where Plaintiff actually resides violated 15 U.S.C. § 1692i by bringing legal action against Plaintiff in an attempt to collect upon an alleged debt in a judicial district other than which Plaintiff resided at the commencement of the action.

40. Through this conduct, Defendant has violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect the alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17.

41. Plaintiff discovered her identity was stolen in July 2023, when her wages began to be garnished allegedly pursuant to the Collection Action.

42. Plaintiff filed an Identity Theft Affidavit, which claimed Plaintiff's identity had been stolen on or around November 10, 2016, and it was used to bail out an individual, resulting in the Collection Action and the garnished wages.

43. The California Debt Collection Licensing Act, Cal. Fin. Code § 100000, *et seq*. (DCLA), which took effect on January 1, 2022, requires any person engaging in the business of debt collection in California to be licensed by the California Department of Financial Protection and Innovation (DFPI).

44. DCLA defines "debt collection" to mean any act or practice in connection with the collection of consumer debt, and defines "debt collector" to mean any person who, in the ordinary course of business, regularly, "on the person's own behalf" or on behalf of others, engages in debt collection.

45. Legislative history indicates the scope of coverage of the DCLA is intended to be similar to that of the Rosenthal Act, which generally extends to creditors as well as third-party debt collectors.

46. As a debt collector collecting debt in the state of California, Defendant was required to submit an application to be licensed by the DFPI on or before Friday, December 31, 2021.

47. Prior to operating or engaging in the business of debt collection in California, Defendant was required to wait for the issuance of a license before it was permitted to operate lawfully as a debt collector in California.

48. Defendant is neither licensed to do business in California, nor has Defendant filed an application to conduct business in California. Thus, Defendant is a debt collector that does not have an approved application or a pending application to do business in California.

49. Defendant is also not registered with the California secretary of state at all.

50. Defendant is attempting to collect debts as a company which is nonexistent.

51. In light of the above, Defendant was not legally permitted to operate as a debt collector in California since January 1, 2022.

52. In light of the above, Defendant did not have legal standing to collect an alleged debt from Plaintiff.

53. Through the above conduct, Defendant used false, deceptive, or misleading representations or means in connection with the collection of an alleged debt in violation of 15 U.S.C. § 1692e.

54. Through the above conduct, Defendant threatened to take action that could not legally be taken in violation of 15 U.S.C. § 1692e and § 1692e(5).

55. Through the above conduct, Defendant used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e and § 1692e(10).

56. Through the above conduct, Defendant engaged in the use unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

57. Because the above conduct violated the FDCPA, and those sections of the FDCPA are incorporated by reference in the Rosenthal Act, through California Civil Code § 1788.17, Defendant's above-alleged conduct and/or omissions also violated Cal. Civ. Code § 1788.17 of the Rosenthal Act.

58. As a result of Defendant's unfair, deceptive, false, misleading, and oppressive conduct in connection with its debt collection activities, Plaintiff suffered invasion of privacy, was confused, deceived, and misled by Defendant's debt collection communications and has suffered mental anguish, anxiousness, stress, fear, lost sleep and felt feelings of despair as a result of Defendant's conduct and communications.

## CLASS ACTION ALLEGATIONS

59. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all other similarly situated consumers and their successors in interest (the "Class") with whom Defendant engaged in debt collection activities which are in violation of the FDCPA and/or the Rosenthal Act, as described in this Complaint. This action is properly maintained as a Class Action.

60. Plaintiff represents and is a member of the Class consisting of:

> All consumers with an address in the State of California with whom Defendant engaged in debt collection activities with after January 1, 2022.

61. The Class satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure for maintaining a class action:

- the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons with whom Defendant engaged in debt collection activities that violate specific provisions of the FDCPA and/or the California Rosenthal Act as discussed above.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:
  a. Whether Defendant violated various provisions of the FDCPA;

b. Whether Defendant violated various provisions of the California Rosenthal Act, including, but not limited to the above cited sections of the FDCPA, and subsections cited therein, as that sections and subsection are incorporated by the California Rosenthal Act;

c. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief, enjoining Defendant from continuing its illegal collection activities.

62. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

63. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

64. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

65. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

66. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, Defendant will continue to reap and retain the proceeds of their ill-gotten gains; and

67. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## CAUSES OF ACTION

### Count I
### Violation of the Fair Debt Collection Practices Act (FDCPA)
### 15 U.S.C. §§ 1692, et seq.

68. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
69. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692, et seq.
70. As a result of each and every violation of the FDCPA, Plaintiff and each member of the Class is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### Count II
### Violation of the Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)
### Cal. Civ. Code §§ 1788, et seq.

71. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.
72. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788, et seq.
73. As a result of each and every violation of the Rosenthal Act, Plaintiff and each member of the Class is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the

- 11 -
CLASS ACTION COMPLAINT

amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

- Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative of the Class defined herein or as certified by the Court, and appointing Plaintiff's counsel as Class Counsel;
- Awarding Plaintiff and each member of the Class maximum statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) of the FDCPA;
- Awarding Plaintiff and each member of the Class maximum statutory damages pursuant to Cal. Civ. Code § 1788.30(b) of the California Rosenthal Act;
- Awarding Plaintiff and the Class actual damages;
- Awarding Plaintiff and the Class injunctive relief;
- Awarding pre-judgment interest and/or post-judgment interest to the extent permitted by law;
- Awarding reasonable attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1692k(a)(3) of the FDCPA and/or Cal. Civ. Code § 1788.30(c) of the California Rosenthal Act; and
- Awarding Plaintiff and each member of the Class any such other and further relief as the Court may deem just and proper.

///
///
///

# DEMAND FOR JURY TRIAL

74. Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: April 18, 2024

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: _____
ABBAS KAZEROUNIAN, ESQ.
DAVID J. MCGLOTHLIN, ESQ.
MONA AMINI, ESQ.
GUSTAVO PONCE, ESQ.
*Attorneys for Plaintiff*