UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-0823 JGB (SPx)** | Date | February 5, 2026 |
|---|---|---|---|
| Title | *Carmen Chavez v. Daniel Lent D.B.A. Capital Reclamations* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING-IN-PART Plaintiff's Motion for Default Judgment (Dkt. No. 16); and (2) VACATING the February 9, 2026, Hearing (IN CHAMBERS)

Before the Court is Plaintiff Carmen Chavez's motion for default judgment. ("Motion," Dkt. No. 16.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court **GRANTS-IN-PART** the Motion. The February 9, 2026, hearing is **VACATED**.

## I.   BACKGROUND

Plaintiff Carmen Chavez filed a Complaint against Defendant Daniel Lent d/b/a Capital Reclamations ("Lent"), on April 18, 2024. ("Complaint," Dkt. No. 1.) The Complaint alleges: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and (2) violations of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, et seq. ("RFCPA"). (See Compl.)

Lent was properly served with the Complaint on May 6, 2024. (Dkt. No. 10.) Despite being served with the summons and Complaint, Lent failed to file a response—or appear in any manner in this case—within the time prescribed by the Federal Rules of Civil Procedure.

After Lent failed to file a responsive pleading, Chavez filed a request for entry of default against him on January 21, 2025. (Dkt. No. 11.) The Clerk of this Court entered default against Lent the same day. (Dkt. No. 12.) On December 9, 2025, the Court ordered Plaintiff to show cause why she had not moved for default judgment in the nearly year-long period since default

was entered. (Dkt. No. 13.) Plaintiff satisfactorily responded to the Court's order to show cause upon filing a motion for default on December 19, 2025. (Dkt. No. 14.) That filing was stricken for failure to comply with the Court's rules, and was properly refiled on December 23, 2025. (Dkt. No. 15; Mot.) No opposition has been filed. Chavez filed a reply on January 22, 2026. ("Reply," Dkt. No. 18.)

## II.     FACTUAL BACKGROUND

At the motion for default judgment stage, Chavez's factual allegations in her Complaint "will be taken as true," "except those relating to the amount of damages." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987).

On or about January 8, 2017, Plaintiff allegedly incurred a financial obligation to an original creditor. (Compl. ¶ 27.) She does not concede that a debt is actually owed to Lent or his predecessors in interest, if any. (Id. ¶ 28.) She does not owe Defendant or his precessors any debt. (Id. ¶ 29.) Sometime prior to April 2022, an original creditor, either directly or through intermediate transactions, assigned, placed, or transferred an alleged debt to Defendant for collection purposes. (Id. ¶ 33.) This alleged financial obligation qualifies as a debt as the term is defined by 15 U.S.C. § 1692a(5), California Civil Code §1788.2(d), Civil Code §1788.2(f), and Cal. Fin. Code § 100002(f). (Id. ¶¶ 34-35.)

On or about April 7, 2022, in an attempt to collect on the alleged debt, Lent filed a collection action in the Superior Court of California for the County of Los Angeles against Plaintiff entitled Daniel Lent D.B.A. Capital Reclamations v. Carmen Petrovic-Chavez, Case No. 22CHLC07732. (Id. ¶ 36.) This state court case constituted debt collection as defined by Cal. Civ. Code § 1788.2(b) and Cal. Fin. Code § 100002(i), and Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6), Cal. Civil Code § 1788.2(c), and Cal. Fin. Code § 100002(j). (Id. ¶¶ 37-38.) By filing the state case against Plaintiff in Los Angeles County rather than Riverside County, where Plaintiff actually resides, Defendant violated 15 U.S.C. § 1692i. (Id. ¶ 39.)

Chavez discovered her identity was stolen in July 2023, when her wages began to be garnished allegedly pursuant to the state case. (Id. ¶ 41.) She filed an Identity Theft Affidavit, which claimed her identity had been stolen on or around November 10, 2016, and it was used to bail out an individual, resulting in the state case and the garnished wages. (Id. ¶ 42.)

As a debt collector collecting debt in the state of California, Defendant was required to submit an application to be licensed under California state law on or before December 31, 2021. (Id. ¶ 46.) Lent is neither licensed to do business in California, nor has he filed an application to conduct business in California. (Id. ¶ 48.) He is a debt collector that does not have an approved application or a pending application to do business in California. (Id.) Defendant has not been legally permitted to operate as a debt collector in California since January 1, 2022. (Id. ¶ 51.) As such, Defendant did not have standing to collect an alleged debt from Plaintiff. (Id. ¶ 52.)

As a result of Lent's unfair, deceptive, false, misleading, and oppressive conduct in connection with its debt collection activities, Chavez suffered invasion of privacy, was confused, deceived, and misled by his debt collection communications and has suffered mental anguish, anxiousness, stress, fear, lost sleep and felt feelings of despair as a result of his conduct and communications. (Id. ¶ 58.)

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), a court may order default judgment following the entry of default by the Clerk of the Court. Local Rule 55-1 requires an application to the Court for default judgment be accompanied by a declaration that conforms to the requirements of Federal Rule of Civil Procedure 55(b) and sets forth the following information:

(1) when and against which party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Servicemembers Relief Act does not apply; and (5) that notice of the application has been served on the defaulting party, if required.

L.R. 55–1.

Whether to enter default judgment is within the sound discretion of the district court. Aldabe v. Aldabe, 616 F.2d 1089, 1092-93 (9th Cir. 1980). In Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set forth the following factors for consideration in determining whether to grant default judgment:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 ("Eitel factors"). A plaintiff is required to provide evidence of his damages, and a court may rely only on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R. Civ. P. 55(b)(2). Further, the damages sought must not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### IV. DISCUSSION

Chavez moves this Court to enter default judgment against Lent. She seeks to recover $2,000 in statutory damages and $6,219.42 in attorneys' fees and costs. (Mot. at 6, 10.) In order for default judgment to be entered in her favor, Chavez must meet the procedural requirements described above and establish that, on balance, the Eitel factors weigh in her favor. The Court evaluates these factors below.

### A. Procedural Requirements

Chavez has satisfied the procedural requirements for entry of default judgment by the Court. Pursuant to Federal Rule of Civil Procedure 55, Chavez did not petition for entry of default judgment until after default was entered against Defendant by the Clerk. (Dkt. Nos. 12, 16.) Plaintiff's counsel properly filed a declaration addressing compliance with the Rule 55 requirements. (Declaration of Mona Amini in Support of Motion ("Amini Decl."), Dkt. No. 16-2.)

### B. Eitel Factors

#### 1. Possibility of prejudice to Chavez

Chavez would suffer prejudice if the Court does not enter default judgement. Because Lent has not appeared in this action, a default judgment is the only means by which Plaintiff may recover. Absent a default judgment by this Court, Lent will have avoided liability simply by not responding to Chavez's action. This factor therefore weighs in favor of default judgment. Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1007 (C.D. Cal. 2014) (finding the plaintiff would suffer prejudice absent entry of a default judgment because of the defendant's unwillingness to cooperate and defend against the claim).

#### 2. Substantive merits of Chavez's claims

The second and third Eitel factors concern the merits of Chavez's substantive claims, and the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. "The Ninth Circuit has suggested that these two factors require that a plaintiff 'state a claim on which the [plaintiff] may recover.'" PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002) (internal citation omitted).

Chavez has raised claims for violations of 15 U.S.C. § 1692i and California Civil Code § 1788, among others. Under Section 1692i, Defendant was obligated to bring his debt collection action against Plaintiff either in the judicial district or similar legal entity "in which such consumer signed the contract sued upon; or . . . in which such consumer resides at the commencement of the action." Plaintiff alleges that Defendant brought the debt collection action in Los Angeles County even though Plaintiff lives in Riverside County. (Compl. ¶¶ 15, 36.)

Such a violation also constitutes a violation of Section 1788. Both allow for up to $1,000 in statutory damages for such a violation. See 15 U.S.C. § 1692k; Cal. Civ. Code § 1788. Because Plantiff seeks only $2,000 in statutory damages, the Court need not address Plaintiff's other causes of action.
//
//
//

3. **Sum of money at stake**

The fourth Eitel factor examines the amount of money at stake in the action relative to the gravity of the defendant's conduct. PepsiCo, 238 F. Supp. 2d at 1176. Plaintiff seeks a total monetary judgment of $2,000, along with $6,219.42 in attorneys fees and costs. (Mot. at 6, 10.)

Plaintiff has foregone actual damages in favor of seeking only statutory damages. The damages at stake—$2,000—reflect Congress's and the state legislature's evaluations that such sums are appropriate for the violations at issue. Given that the sums are not excessive and in line with the statutory scheme, this factor weighs in favor of default.

4. **Possibility of dispute concerning material facts**

Upon entry of default, all well-pleaded factual allegations are deemed true—except those pertaining to damages. TeleVideo, 826 F.2d at 917; Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. Feb. 11, 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."). Because Lent has not appeared in this action nor asserted any defenses, it is unlikely that disputes as to material facts will arise. Accordingly, this factor favors default judgment.

5. **Whether default was due to excusable neglect**

Under the sixth factor, the court must consider whether a defendant's default may have been due to excusable neglect. Eitel, 782 F.2d at 1472. This factor favors default judgment where the defendant has been properly served or the plaintiff demonstrates the defendant is aware of the action. Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. Jan, 23, 2012). In the instant case, Lent was properly served with the summons and Complaint on May 6, 2024 and was served with the instant Motion. (Dkt. Nos. 10, 16-4.) Accordingly, the Court concludes Lent's default was not the product of excusable neglect. Thus, this factor favors entry of default judgment.

6. **Policy favoring decision on the merits**

Generally, default judgments are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472 (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Where, however, a party fails to appear and respond, default judgment is appropriate. Wecosign, 845 F. Supp. 2d at 1083. Here, Lent's failure to appear or defend against this action makes a decision on the merits impracticable. This factor therefore weighs in favor of default judgment.

On balance, the Eitel factors weigh in favor of default judgment against Lent.

//
//

## C. Requested Relief

Rule 54(c) provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). A plaintiff must "prove up" the amount of damages. Aifang v. Velocity VIII, L.P., 2016 WL 5420641, at *7 (C.D. Cal. Sept. 26, 2016).

### 1. Monetary relief

Planitiff seeks a total monetary judgment of $2,000. (See Mot. at 6.) Because Plaintiff seeks only statutory damages, there is no need for proof of damages beyond the allegations of a violation entitling Plaintiff to statutory damages. As such, Plaintiff has proven a basis for monetary relief.

### 2. Attorneys' fees and costs

Chavez also seeks $5,721.50 in attorneys' fees and $497.92 in costs. (Amini Decl. ¶¶ 28-30.) Local Rule 55-3 permits an award of attorneys' fees of $300 plus 10% of the amount over $1,000 for judgments between $1,000.01 - $10,000, where "a promissory note, contract or applicable statute provides for the recovery of reasonable attorneys' fees." L.R. 55-3. Plaintiff's counsel has provided a block-billed accounting of their fees, detailing only their hourly rates, total hours worked, and lodestar multiplier. The Ninth Circuit is clear that "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). Yet "block billing makes it more difficult to determine how much time was spent on particular activities." Id. Merely telling the Court that counsel spent time "investigating and researching Plaintiff's claims, researching Defendant and the Collection Action, drafting the Complaint, drafting the Request for Clerk's Entry of Default, communicating with the Client, communicating with process servers, and drafting correspondence to Defendant" does not enable the Court to determine whether the time spent on these tasks was reasonable. (See Amini Decl. ¶ 28.) Additionally, the Court notes that the total sum of fees and costs requested by Plaintiff's counsel is more than triple the sum Plaintiff requests in statutory monetary relief, not to mention Plaintiff's counsel was far from diligent in its prosecution of the case, requiring an order to show cause to prompt a motion for default judgment nearly a year after the clerk entered default.

As such, the Court finds that Plaintiff's counsel has not provided sufficient evidence to justify fees in excess of the Local Rules' standard provisions. In this case, the Court awards $2,000 to Plaintiff. The reasonable attorneys' fees are thus $300, plus 10% of $1,000, which is $100. The total reasonable attorneys' fees are $400. The Court also awards $497.92 in costs. In total, Plaintiff's counsel is awarded $897.92 for attorneys' fees and costs.

//
//
//

## V. CONCLUSION

Based on the foregoing, Plaintiff's Motion for default judgment is **GRANTED-IN-PART**. Planitiff is **AWARDED**:

1. $2,000 in statutory damages
2. $400 in attorneys' fees
3. $497.92 in costs

Plaintiff is **ORDERED** to mail a copy of this order and the judgment concurrently filed therewith to Lent. Plaintiff shall file Proof of Service with the Court within ten days of the date of this Order.

**IT IS SO ORDERED.**